United States Court of Appeals,

Eleventh Circuit.

No. 97-8611.

UNITED STATES of America, Plaintiff-Appellee,

v.

Wendell J. KERSEY, Defendant-Appellant.

Dec. 16, 1997.

Appeal from the United States District Court for the Middle District of Georgia. (No. 5:94-CR-10-001-WLS), W. Louis Sands, Judge.

Before HATCHETT, Chief Judge, and EDMONDSON and COX, Circuit Judges.

HATCHETT, Chief Judge:

Appellant Wendell Kersey appeals his conviction and sentence for two counts of perjury, in violation of 18 U.S.C. § 1621. We affirm.

## I. BACKGROUND

In March 1995, a federal grand jury returned an indictment against Kersey, alleging that he twice lied under oath during a 1989 civil suit that the government brought against him as guarantor of a defaulted Small Business Administration (SBA) loan. During the discovery phase of the civil action, in both an affidavit and a deposition, Kersey claimed that the signature on the SBA guarantor agreement was not his signature. Among other evidence at the criminal trial, the government presented testimony from Royce Cooley, who claimed to have witnessed Kersey sign the guarantor agreement.

After conviction but before imposition of sentence, the government disclosed to Kersey, for the first time, the existence of a document that purported to be a duplicate original of the guarantor agreement. In response, Kersey filed a "Motion for New Trial Based on Newly Discovered

Evidence Pursuant to Rule 33." The district court held an evidentiary hearing, where the government presented one witness, an expert who opined that the signature on the duplicate original matched Kersey's. The district court thereafter denied Kersey's motion, finding that the new evidence—the duplicate original—failed to meet the standard for a new trial under Federal Rule of Criminal Procedure 33.

At sentencing, the district court adopted the probation officer's recommendation in the presentence investigation report (PSR) to apply the 1997 version of the United States Sentencing Guidelines. Kersey did not object to this recommendation, either in writing or in open court. Based on a total offense level of fourteen and criminal history category of I—which generated a sentencing range of fifteen to twenty-one months—the district court sentenced Kersey to fifteen months imprisonment and three years supervised release.

## II. ISSUES

We discuss: (1) whether the district court should have granted a new trial under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and (2) whether the district court's application of the 1997 version of the Guidelines violated the Ex Post Facto Clause.

## III. CONTENTIONS

Kersey contends that the district court employed the wrong legal standard in its order denying his motion for new trial. Kersey argues that, under *Brady,* the duplicate original constituted crucial impeachment evidence. The government denies that the duplicate original has any impeachment value and asserts that Kersey failed to present properly his *Brady* argument in the district court.

As to the second issue, Kersey contends that the district court should have applied the 1989 version of the Guidelines in effect at the time of his offense instead of the 1997 version. Under the

1989 version, Kersey asserts that the district court would have grouped his perjury counts, resulting in a total offense level of twelve and a range of ten to sixteen months. The government claims that Kersey also failed to preserve this argument and contends that even under the 1989 version the district court would not have grouped the counts.

IV. DISCUSSION

A.

Generally, this court reviews a district court's denial of a motion for new trial based on a *Brady* violation for abuse of discretion. *United States v. Newton,* 44 F.3d 913, 918 (11th Cir.), *cert. denied,* --- U.S. ----, 116 S.Ct. 161, 133 L.Ed.2d 104 (1995). If, however, the defendant did not precisely articulate a *Brady* violation in his or her motion for new trial, this court need only conduct a plain error review. *See United States v. Noriega,* 117 F.3d 1206, 1213 n. 4 (11th Cir.1997); *United States v. Hawkins,* 566 F.2d 1006, 1013 (5th Cir.1978), *cert. denied,* 439 U.S. 848, 99 S.Ct. 150, 58 L.Ed.2d 151 (1978). In this case, Kersey did not properly preserve his *Brady* argument. Kersey styled and presented his written motion for new trial as one brought exclusively under the "new evidence" prong of Federal Rule of Criminal Procedure 33.[1] While at the evidentiary hearing Kersey did mention *Brady* and cases interpreting it, he made no attempt, either orally or in writing, to amend his motion. Instead, Kersey asked the district court to employ Rule 33's new evidence

---

[1]That rule provides, pertinent part, that:

> The court on motion of a defendant may grant a new trial to that defendant if required in the interest of justice.... A motion for new trial based on the ground of *newly discovered evidence* may be made only before or within two years after final judgment.... A motion for new trial based on *any other grounds* shall be made within 7 days after verdict....

Fed.R.Crim.P. 33 (emphasis added).

standard as we articulated it in *United States v. DiBernardo,* 880 F.2d 1216, 1224 (11th Cir.1989).[2]

Accordingly, because Kersey did not properly present the *Brady* issue to the district court, we will

not set aside Kersey's convictions unless the government's unintentional suppression of the duplicate

original guarantor agreement "seriously affect[ed] the fairness, integrity or public reputation of [the]

judicial proceeding." *United States v. Hastamorir,* 881 F.2d 1551, 1559 (11th Cir.1989).

We conclude that the district court did not plainly err in failing to analyze Kersey's claim

under *Brady.* First, in light of the unchallenged testimony from the expert witness at the evidentiary

hearing that the signature on the duplicate original belonged to Kersey, that document does not serve

to exculpate him. *See Brady,* 373 U.S. at 87, 83 S.Ct. at 1197. Likewise, we reject Kersey's bare

assertion that the duplicate original served as a "practice" form for the phantom forger of his

signature. Next, we cannot say that the duplicate original would have had "a definite impact on the

credibility of an important prosecution witness." *United States v. Crockett,* 534 F.2d 589, 601 (5th

Cir.1976). Contrary to Kersey's view, cross-examining Cooley about whether he witnessed Kersey

sign two, as opposed to one, guarantor agreements would not have, with any reasonable probability,

changed the verdict. *See United States v. Arnold,* 117 F.3d 1308, 1315 (11th Cir.1997). Readily

available evidence that Kersey also signed the duplicate original would have greatly outweighed any

nominal information elicited from such an inquiry.

B.

---

[2]The standard for a new trial based on new evidence is a five-part test:

> (1) the evidence must be discovered following trial; (2) the movant must show
> due diligence to discover the evidence; (3) the evidence must not be merely
> cumulative or impeaching; (4) the evidence must be material to issues before the
> court; and (5) the evidence must be of such a nature that a new trial would
> probably produce a new result....

United States v. DiBernardo, 880 F.2d 1216, 1224 (11th Cir.1989) (citations omitted).

As to properly preserved sentencing issues, this court reviews *de novo* a district court's application of the Guidelines. *United States v. Newsome,* 998 F.2d 1571, 1577 (11th Cir.1993), *cert. denied,* 510 U.S. 1062, 114 S.Ct. 734, 126 L.Ed.2d 698 (1994). Kersey, however, complains for the first time on appeal that the district court erred in applying the 1997 version of the Guidelines instead of the 1989 version. Because the district court provided to Kersey every opportunity to raise the issue below, we will review his Ex Post Facto argument only if failure to do so would result in manifest injustice. *See United States v. Jones,* 899 F.2d 1097, 1103 (11th Cir.), *cert. denied,* 498 U.S. 906, 111 S.Ct. 275, 112 L.Ed.2d 230 (1990), *overruled in part on other grounds*, *United States v. Morrill*, 984 F.2d 1136, 1137 (11th Cir.1993). We find no manifest injustice in refusing to review Kersey's fifteen month sentence, as it falls within the 1989 guideline range which Kersey contends applies.

## V. CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED.