[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**March 1, 2004**
**THOMAS K. KAHN**
**CLERK**

No. 03-10613

D.C. Docket No. 02-00058-CR-CB

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

MICHAEL ADAM DAVIDSON,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Alabama

**(March 1, 2004)**

Before CARNES and WILSON, Circuit Judges, and HANCOCK[*], District Judge.

PER CURIAM:

The government appeals the thirty-three month sentence of Michael Adam Davidson, imposed following Davidson's plea of guilty to Count One of a superseding indictment charging him with receiving and attempting to receive images of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1). The government challenges Davidson's sentence on the theory that the district court erred in sentencing him under United States Sentencing Guideline § 2G2.4 rather than under sentencing guideline § 2G2.2. Specifically, the government asserts that because Davidson pled guilty to *receipt* of child pornography under 18 U.S.C. § 2252A(a)(2), and not merely *possession* of child pornography under 18 U.S.C. § 2252A(a)(5)(B), the language and history of § 2G2.2 dictates that it, and not § 2G2.4, is the appropriate sentencing guideline. Concluding that our prior decision in Dodds instructs that § 2G2.4 is the appropriate guideline to be applied under the facts of this case, we affirm the sentence imposed by the trial judge.

In an indictment filed March 28, 2002, Davidson was charged with fifteen counts of receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(1).

---

[*] Honorable James H. Hancock, United States District Judge for the Northern District of Alabama, sitting by designation.

Apparently because § 2252A(a)(1) does not proscribe *receipt* of child pornography, a five-count superseding indictment was filed August 30, 2002. As relevant to this appeal, Davidson was charged in Count One of the superseding indictment with receiving and attempting to receive child pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1).[1] Pursuant to a written plea agreement Davidson pled guilty on September 30, 2002 to the Count One charge in the superseding indictment.

At Davidson's sentencing, the district court considered and relied upon the Presentence Investigation Report, which recommended that U.S.S.G. § 2G2.4 be used to calculate Davidson's base offense level.[2] The district court determined that the proper guideline range was twenty-seven to thirty-three months and sentenced Davidson to thirty-three months imprisonment to be followed by three years supervised release. The district court reasoned that § 2G2.4 is applicable to

---

[1] Count One of the superseding indictment reads that "Michael Adam Davidson did knowingly receive and attempt to receive images of child pornography as defined in 18 U.S.C. § 2256(8)(A) that had been shipped and transported in interstate and foreign commerce, specifically by computer." The facts underlying the charge in the superseding indictment are not in dispute. Davidson and the government jointly filed a "Factual Resume" in conjunction with the written plea agreement.

[2] Paragraph 29 of the Presentence Investigation Report correctly states that when calculating Davidson's base offense level, the starting point is the fact that "the guideline for an offense charged under 18 U.S.C. § 2252A(a)(2) is found at U.S.S.G. § 2G2.2 or § 2G2.4." District Judge Butler stated that the probation officer "has correctly analyzed the applicable guideline section and the reasons for it . . . I think this is clearly a case where the more appropriate guideline is the possession, the one that's been applied."

all receipt of child pornography offenses *unless* there is specific evidence that the defendant distributed or intended to distribute the child pornography, in which case § 2G2.2 would be the appropriate sentencing guideline. There was no such evidence before the district court.

Once the statute of conviction has been determined, the sentencing court, as does this Court, turns for assistance in determining the applicable offense guideline to the Statutory Index set forth as Appendix A to the Guidelines Manual. See United States v. Saavedra, 148 F.3d 1311, 1315 (11th Cir. 1998). This Court gives due deference to the district court's application of the sentencing guidelines to the facts and reviews decisions of interpretation of the Federal Sentencing Guidelines to those facts *de novo*. See United States v. Singh, 291 F.3d 756, 763 (11th Cir. 2002) (citing United States v. Yount, 960 F.2d 955, 956 (11th Cir. 1992) and United States v. Trout, 68 F.3d 1276, 1279 (11th Cir. 1995)). But this Court reviews *de novo* "whether the district court applied the correct sentencing guideline (or subsection of a sentencing guideline) for the defendant's underlying conduct." United States v. Williams, 340 F.3d 1231, 1240 (11th Cir. 2003) (citing United States v. De La Mata, 266 F.3d 1275, 1302 (11th Cir. 2001)).

The Statutory Index regarding violations of 18 U.S.C. § 2252A lists both

4

U.S.S.G. §§ 2G2.2 and 2G2.4 as the guidelines applicable to violations of 18 U.S.C. § 2252A. Where two guidelines are referenced in the Statutory Index as being applicable to a single statute, the court is to "use the guideline section most appropriate for the offense conduct charged in the count of which the defendant was convicted."[3]  U.S.S.G. App. A, intro.

The issue for us to determine is whether the district court appropriately used § 2G2.4 rather than § 2G2.2 in determining the sentencing guideline range where the defendant had been convicted of *receipt* of child pornography under 18 U.S.C. § 2252A(a)(2) without any evidence that the defendant received the pornography with an intent to traffic in the pornography. This Court is bound on this issue by the decision reached in United States v. Dodds, 347 F.3d 893 (11th Cir. 2003). The issue presented in Dodds was whether a sentence applying § 2G2.2 requires evidence of the defendant's intent to traffic in child pornography where the defendant had been convicted of knowingly possessing material that contained images of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and of knowingly receiving obscene pictures in violation of 18 U.S.C. § 1462. See id. at 900-02. Agreeing with the defendant's argument that the statutory purpose of §

---

[3] A Sentencing Commission policy statement cautions that a pure "real offense" approach to sentencing and a pure "charge offense" approach to sentencing both have drawbacks. See U.S.S.G. Ch. 1, Pt. A (4)(a) (2002).

2G2.2 was to punish receiving only when pornography is received with the intent to traffic, the Dodds court stated that "§ 2G2.2 was intended to apply where the government has shown that the defendant had received with the intent to traffic." Id. at 901. Dodds discredits the government's argument made in the instant case that § 2G2.2 should apply to all cases in which a defendant has been convicted of receiving child pornography, regardless of intent to traffic, and instructs that "§ 2G2.2 was meant to punish crimes related to the trafficking of child pornography, while § 2G2.4 is reserved for punishing those who merely possess child pornography. . ." Id. at 902.

In the instant case the district court properly applied guideline § 2G2.4 in sentencing Davidson.

**AFFIRMED.**