[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 24, 2005
THOMAS K. KAHN
CLERK**

_____

No. 04-14325

_____

D. C. Docket Nos. 03-00517-CV-CB
& 02-00058-CR-CB

MICHAEL ADAM DAVIDSON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(June 24, 2005)**

Before CARNES and PRYOR, Circuit Judges, and FORRESTER[*], District Judge.

---

[*]Honorable J. Owen Forrester, United States District Judge for the Northern District of Georgia, sitting by designation.

PER CURIAM:

This is an appeal from the denial of a motion for 28 U.S.C. § 2255 relief from a judgment of conviction entered after a guilty plea. We won't belabor the facts or procedural history because the parties and district court are familiar with them.

Davidson's § 2255 motion raised three claims. The first claim is that the conviction violates the Due Process Clause because the government failed to disclose information that would have impeached the statements made in the affidavit supporting the search warrant. This claim fails because the Supreme Court has held that there is no constitutional requirement for the government to disclose impeachment evidence in advance of a guilty plea. United States v. Ruiz, 536 U.S. 622, 629, 122 S. Ct. 2450, 2455 (2002).

The third claim raised in the § 2255 motion amounts to a request for a new trial on the basis of newly discovered evidence that allegedly impeaches, or tends to impeach, statements made in the search warrant affidavit. Assuming that such a ground for relief can be raised in a § 2255 proceeding, it fails because impeachment evidence will not support a new trial claim. United States v. Kersey, 130 F.3d 1463, 1465 n.2 (11th Cir. 1997) (for a motion for a new trial based on newly discovered evidence to be granted, "the evidence must not be merely

2

cumulative or impeaching").

The second claim raised in the § 2255 motion is one of ineffective assistance of counsel in connection with the guilty plea. The alleged shortcomings of counsel concern his actions (or inactions) and his advice involving the search warrant issues. The district court rejected this claim based on its view that a motion to suppress the evidence obtained from the search would have failed under the test set out in Franks v. Delaware, 438 U.S. 154 (1978). That is not, however, the test for the prejudice prong of an ineffective assistance of counsel claim relating to the entry of a guilty plea. Instead, the prejudice inquiry is focused on whether, if counsel had not performed ineffectively, Davidson still would have pleaded guilty. Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985).

It may be that before Davidson pleaded guilty counsel communicated to him all of the information counsel had (and reasonably should have had) bearing on the search warrant issue, and gave Davidson reasonable advice concerning that issue. If counsel did that, the ineffective assistance of counsel claim fails on the performance prong. However, if counsel did not perform within the wide range of reasonable professional assistance, under the Hill decision this claim will turn on whether Davidson would have pleaded not guilty but for the ineffective assistance.

3

Both of those issues should be addressed in an evidentiary hearing.[1]

We are aware that the district court has already determined that any motion to suppress on <u>Franks</u> grounds would have been without merit and thus denied. However under <u>Hill</u>, assuming the deficient performance prong of ineffective assistance is established, the prejudice prong turns not on whether Davidson would have prevailed on a motion to suppress had counsel filed one but instead on whether Davidson would have pleaded guilty had counsel's performance not been deficient. Given the number and nature of Davidson's allegations of ineffective assistance of counsel in regard to entry of his guilty plea, it may be possible for him to establish that he would not have pleaded guilty even if any motion to suppress would have been denied by the district court. Whether he can depends on facts that have not yet been found.

For these reasons, we AFFIRM the district court's judgment except insofar as it involves the ineffective assistance of counsel claim. We VACATE the judgment insofar as the ineffective assistance of counsel claim is concerned and REMAND this case for further proceedings relating to that claim. In doing so, we

---

[1]In some of his filings in the district court Davidson contended that he requested that his counsel file a motion to suppress, but contentions are not evidence. At the hearing, Davidson will have an opportunity to present evidence on that and other factual issues. If the court finds that Davidson made such a request, it can then determine whether, in light of it, counsel's failure to file a motion to suppress constitutes ineffective assistance. If the court finds that Davidson did not make such a request, it can then decide whether the failure to file a motion to suppress even without a request constituted ineffective assistance.

do not express any view about how the <u>Franks</u> issue should be decided if a decision

of that issue does  become necessary.