[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 31, 2006
THOMAS K. KAHN
CLERK

_____

No. 04-15271
Non-Argument Calendar

_____

D. C. Docket No. 03-00048-CR-1-SPM-003

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ENRIQUE MALDONADO PINEDA,
OMAR GARCIA VAZQUEZ-CASARES,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Florida

_____

**(January 31, 2006)**

Before CARNES, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Enrique Maldonado Pineda and Omar Garcia Vazquez-Casares appeal their convictions and sentences for conspiracy to distribute and possess with intent to distribute more than 50 grams of methamphetamine and more than 500 grams of a substance containing methamphetamine. Pineda argues that (1) the evidence to support his conviction was insufficient, and (2) the sentencing court committed statutory error under United States v. Booker, 543 U.S. 220 (2005) when it found that the defendants "must be sentenced in accordance with the current guidelines."

Vazquez-Casares argues that (1) the evidence to support his conviction was insufficient; (2) the government was required to share the psychological test results of the government's star witness, Octavio Ugarte-Munoz, as Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) material; (3) the district court erred by denying his motion to suppress even though the stop of Pineda's Camaro and Vazquez-Casares's arrest were illegally based on mere suspicion; and (4) the sentencing court constitutionally erred under Booker by inflicting punishment that the jury's verdict alone did not allow based on the drug quantity and the aggravating role enhancement, and that the sentencing court committed statutory error by applying the guidelines as mandatory.

## I. Sufficiency of the evidence

We review the sufficiency of the evidence de novo where a defendant

properly preserved the issue by moving for a judgment of acquittal. United States v. Perez-Tosta, 36 F.3d 1552, 1556 (11th Cir. 1994). We must determine whether a reasonable fact-finder could conclude that the evidence established the defendant's guilt beyond a reasonable doubt. United States v. Hansen, 262 F.3d 1217, 1236 (11th Cir. 2001). We view the facts, and draw all reasonable inferences therefrom, in the light most favorable to the government. Id.

To support a conspiracy conviction under 21 U.S.C. § 846 the government must prove that there is an agreement among two or more persons to violate the narcotics laws, and it "must prove knowledge, intent and participation beyond a reasonable doubt." United States v. Parrado, 911 F.2d 1567, 1570 (11th Cir. 1990) (citation omitted). Mere presence at the scene is not sufficient to meet this standard. Id. Direct evidence of a conspiracy is not required, however, as "[a] defendant's knowing participation in a conspiracy may be established through proof of surrounding circumstances such as acts committed by the defendant which furthered the purpose of the conspiracy.'" Id.

Here, there was evidence that (1) Pineda was present when Vazquez-Casares placed a towel-concealed package into Ugarte-Munoz's vehicle, which was found to be methamphetamine, and Ugarte-Munoz was offered $5,000 to drive the package to Ocala, Florida; (2) Pineda and Vazquez-Casares followed

3

Ugarte-Munoz's vehicle in a Camaro for approximately three hours and stopped nearby, whenever Ugarte-Munoz stopped; (3) Pineda was in the car while Vazquez-Casares made 12 calls to Ugarte-Munoz and Ugarte-Munoz called Vazquez-Casares 4 times so that instructions could be given to Ugarte-Munoz; (4) the methamphetamine smelled like soap and was wrapped in Wal-Mart bags; (5) soap with the same fragrance as the methamphetamine and wrapped in Wal-Mart bags was discovered tucked behind the wheel well of Pineda's Camaro; (6) Pineda gave an explanation for his destination inconsistent with Vazquez-Casares's explanation; (7) Pineda and Vazquez-Casares stated that they did not know Ugarte-Munoz even though they had been following him for miles and Vazquez-Casares repeatedly had spoken on the telephone with him; and (8) Pineda was carrying $600 in cash and a card with the drug supplier's phone number on it. Accordingly, once all reasonable inferences are drawn from this evidence in the government's favor, the evidence was sufficient to prove that Pineda and Vazquez-Casares knowingly participated in a drug conspiracy. See Parrado, 911 F.2d at 1570.

## II. Brady error

We review a district court's denial of a motion for a new trial based on a Brady violation for abuse of discretion. United States v. Kersey, 130 F.3d 1463,

4

1465 (11th Cir. 1997). In order to state a <u>Brady</u> claim, a defendant must show that: (1) the government possessed evidence favorable to the defendant; (2) the defendant did not possess the evidence nor could he have obtained it himself with any reasonable diligence; (3) the prosecution suppressed the favorable evidence; and (4) had the evidence been disclosed to the defense, a reasonable probability exists that the outcome of the proceedings would have been different. <u>United States v. Hansen</u>, 262 F.3d 1217, 1234 (11th Cir. 2001). A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." <u>United States v. Bagley</u>, 473 U.S. 667, 682 (1985).

Here the evidence in question is a psychologist's examination and report which concluded that Ugarte-Munoz's had a very low risk of reoffending and that he was easily led by others since he had borderline intelligence and alcohol abuse problems . Even assuming that the prosecution had knowledge of Ugarte-Munoz's psychological report prior to trial, Vazquez-Casares has failed to show a reasonable probability that the result of his trial would have been different had he received the report in advance. Indeed, the jury could observe Ugarte-Munoz's diminished intellectual capacity for itself while he was on the stand, and Ugarte-Munoz was subjected to cross-examination concerning the inconsistencies in his statements and the benefit that he would receive from testifying. Thus, the court did not abuse

5

its discretion by denying Vazquez-Casares's motion for a new trial. Hansen, 262 F.3d at 1234.

### III.  Denial of the motion to suppress

We accept the district court's factual findings regarding a motion to suppress as true unless they are clearly erroneous, and we construe those facts in the light most favorable to the party that prevailed below. United States v. Perkins, 348 F.3d 965, 969 (11th Cir. 2003). We review the district court's application of the law to those facts de novo. Id.

The Supreme Court has held that "an officer may . . . conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." Illinois v. Wardlow, 528 U.S. 119, 123 (2000) (citation omitted).  "While reasonable suspicion is a less demanding standard than probable cause and requires a showing considerably less than preponderance of the evidence, the Fourth Amendment requires at least a minimal level of objective justification for making the stop." Id. at 123 (internal quotation marks omitted).  In making reasonable-suspicion determinations, reviewing courts must look at the "totality of the circumstances" of each case to determine whether the detaining officer had a "particularized and objective basis for suspecting legal wrongdoing." United States v. Arvizu, 534 U.S. 266, 273 (2002) (internal quotation marks omitted).  This process "allows officers to draw on their own experience and

6

specialized training to make inferences from and deductions about the cumulative information available to them that might elude an untrained person." Id.

The totality of the circumstances in this case supports the district court's finding that law enforcement had reasonable suspicion to effectuate the stop of the Camaro Vazquez-Casares and Pineda were riding in because (1) in the officer's experience, it was typical for people transporting drugs to use a "trail car"; (2) Drug Enforcement Agency agents had observed the Camaro following the load vehicle, which a confidential informant said contained methamphetamine, at a rate of speed consistent with the load car's and stopping when the load car stopped; (3) the confidential informant stated that a large quantity of methamphetamine was put into the load car by the passenger of a vehicle matching the description of the Camaro; (4) when the driver of the load vehicle was stopped for a traffic violation, a large quantity of methamphetamine was found in his vehicle, consistent with the confidential informant's information; and (5) the driver of the load car told law enforcement that he was given the methamphetamine by the passenger of the Camaro, a man named Omar, and that the Camaro was following him. Accordingly, as a determination that reasonable suspicion exists "need not rule out the possibility of innocent conduct," the district court properly found that there was reasonable suspicion for the traffic stop of the Camaro. Arvizu, 534 U.S. at 277.

7

Law enforcement officers have probable cause to arrest when the facts and circumstances within their collective knowledge, or of which they have reasonably trustworthy information, "would cause a prudent person to believe that the suspect has committed or is committing an offense." Craig v. Singletary, 127 F.3d 1030, 1042 (11th Cir. 1997). After the initial stop, the Camaro passenger's identification showed that his name was Omar, which was consistent with the information given by Ugarte-Munoz upon his arrest. Accordingly, the officers had probable cause for the arrest, and law enforcement's search of Vazquez-Casares's person was a proper search incident to arrest. See United States v. Robinson, 414 U.S. 218, 224 (1973).

Finally, an "inventory search permits a thorough search of property lawfully in police custody as long as that search is consistent with the police caretaking function." United States v. O'Bryant, 775 F.2d 1528, 1534 (11th Cir. 1985) Accordingly, the search of the Camaro after Vazquez-Casares and Pineda were taken into custody was lawful. Therefore, the district court properly denied Vazquez-Casares's motion to suppress.

## IV. Booker sentencing error

Because Pineda and Vazquez-Casares objected to the drug amount in the district court, we review their sentence de novo and reverse the district court only if any error was harmful. See United States v. Paz, 405 F.3d 946, 948 (11th Cir.

8

2005).  "A non-constitutional [Booker] error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the [sentence], or had but very slight effect.  If one can say with fair assurance . . . that the [sentence] was not substantially swayed by the error, the [sentence] is due to be affirmed even though there was error."  United States v. Mathenia, 409 F.3d 1289, 1292 (11th Cir. 2005) (internal quotation marks omitted).  Furthermore "[t]he non-constitutional harmless error standard is not easy for the  government to meet."  Id.

It is uncontested here that the sentencing court committed statutory error by finding that the sentencing guidelines were mandatory.  We cannot say that this error was harmless based solely on the district judges' sentencing defendants at the midpoint of the guidelines range and stating that the sentences were "sufficient to provide just punishment for the offense."  See United States v. Glover, 431 F.3d 744, __(11th Cir. 2005) (finding that Booker statutory error was not harmless where the district judge sentenced defendants in the middle of the guidelines range under a mandatory guidelines system because "the sentence alone tells us nothing about whether the district court would have imposed a lesser sentence under an advisory guidelines scheme.").  We have required more than a sentence in the middle of the guidelines range to find Booker statutory error to be harmless.  See,

9

e.g., Mathenia, 409 F.3d at 1292 (finding Booker statutory error to be harmless where the district judge stated that "I would nonetheless consider the guidelines as—for their persuasive value or as advisory, and the sentence I would impose would be the same."). Accordingly, we vacate both Pineda and Vazquez-Casares' sentences on this ground.

Vazquez-Casares also claims constitutional Booker error. His claim of constitutional Booker error must be disregarded only if harmless beyond a reasonable doubt, a standard that is only met where it is "clear beyond a reasonable doubt that the error complained of did not contribute to the [sentence] obtained." See Paz, 405 F.3d at 948 (internal quotation marks omitted). Moreover, the government bears the burden of showing that the sentence did not affect the defendant's substantial rights. Id.

Vazquez-Casares first claims that there was constitutional Booker error based on the drug quantity attributed to him. However, Vazquez-Casares stipulated during trial that there were "1,789 grams of methamphetamine," which was the exact amount attributed to him in the PSI and at sentencing. Accordingly, there was no constitutional Booker error based on the drug quantity attributed to Vazquez-Casares at sentencing. See Booker, 543 U.S. at __ ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the

10

maximum authorized by the facts established by a plea of guilty or a jury verdict must be <u>admitted by the defendant</u> or proved to a jury beyond a reasonable doubt.") (emphasis added).

Next, Vazquez-Casares claims that there was constitutional <u>Booker</u> error based on the role enhancement that he received. The government did not address this issue, much less show that Vazquez-Casares's sentence did not affect his substantial rights. Accordingly, as the district court applied a two-level enhancement based on its finding regarding Vazquez-Casares's supervisory role, it is not clear beyond a reasonable doubt that the error complained of did not contribute to Vazquez-Casares's sentence. Therefore, because Vazquez-Casares's sentence was erroneously based, in part, on an extra-verdict sentence enhancement imposed under a mandatory guidelines system, and the government did not show that this constitutional error was harmless beyond a reasonable doubt, we vacate Vazquez-Casares's sentence and remand for resentencing consistent with this opinion. <u>See</u> <u>Paz</u>, 405 F.3d at 948-49.

**CONVICTIONS AFFIRMED, SENTENCES VACATED AND REMANDED**.