[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 4, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12705
Non-Argument Calendar

_____

D. C. Docket Nos. 03-00517-CV-CB & 02-00058 CR-CB

MICHAEL ADAM DAVIDSON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(January 4, 2007)**

Before ANDERSON, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Michael Adam Davidson was convicted on a guilty plea of one count of receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2). The government appealed his sentence, but we affirmed it. Davidson v. United States, 360 F.3d 1374 (11th Cir. 2004). Thereafter, Davidson filed a 28 U.S.C. § 2255 motion for relief from the judgment of conviction and sentence, which the district court denied. On appeal, we vacated that order and remanded for further proceedings, with instructions that the district court hold an evidentiary hearing and further consider the ineffective assistance of counsel claim. United States v. Davidson, 138 F. App'x 238 (11th Cir. 2005). After doing so, the district court again issued an order denying relief. It is that post-remand order that Davidson has on appeal before us now. Because the parties and district court are familiar with the factual details and all of the procedural history of the case, we will not belabor them here.

A claim of ineffective assistance of counsel presents a mixed question of law and fact that we review de novo. Gomez-Diaz v. United States, 433 F.3d 788, 790 (11th Cir. 2005). "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense," U.S. Const. amend. VI, and "the right to counsel is the right to the effective assistance of counsel." Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 2063 (1984). To

2

demonstrate ineffective assistance of counsel under <u>Strickland</u>, a petitioner "must show that counsel's performance was [constitutionally] deficient" (performance prong), <u>id.</u> at 687, 104 S. Ct. at 2064, and that the deficient performance prejudiced his defense (prejudice prong). <u>Id.</u>

To establish the deficient performance prong of the <u>Strickland</u> test, the petitioner must show, by a preponderance of the evidence, that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment. <u>Id.</u> at 687, 104 S. Ct. at 2064; <u>Chandler v. United States</u>, 218 F.3d 1305, 1313 (11th Cir. 2000). The proper measure of attorney performance is reasonableness under prevailing professional norms, <u>Strickland,</u> 466 U.S. at 688, 104 S. Ct. at 2065, and "the issue is not what is possible or what is prudent or appropriate, but only what is constitutionally compelled[,]" <u>Chandler</u>, 218 F.3d at 1313. In other words, "[t]he petitioner must establish that particular and identified acts or omissions of counsel were outside the wide range of professionally competent assistance." <u>Id.</u> at 1314 (quotation omitted).

In making the performance determination, the attorney's conduct must be evaluated from his perspective at the time in order to avoid the distorting effects of hindsight. <u>Strickland</u>, 466 U.S. at 689, 104 S. Ct. 2065. Judicial scrutiny of counsel's performance is highly deferential, and there is a strong presumption that

counsel's conduct fell within the wide range of reasonable professional assistance. Id. at 689, 104 S. Ct. at 2065. Given this strong presumption in favor of competence, "the petitioner's burden of persuasion—though the presumption is not insurmountable—is a heavy one." Chandler, 218 F.3d at 1314. Additionally, when the performance of an experienced trial counsel is at issue, the presumption in favor of the reasonableness of counsel's performance is even stronger. Id. at 1316. A tactical decision is ineffective only "if it was so patently unreasonable that no competent attorney would have chosen it." Adams v. Wainwright, 709 F.2d 1443, 1445 (11th Cir. 1983).

In remanding this case to the district court, we did not make a determination about the professional reasonableness of Horne's challenged conduct. Instead, we instructed the district court to hold an evidentiary hearing and determine whether Horne had communicated to Davidson "all the information he had (and reasonably should have had) bearing on the search warrant issue," and whether Horne "gave reasonable advice concerning that issue." Davidson, 138 Fed. App'x at 239. If the district court found that Davidson either had not communicated all the information that he reasonably should have had or had not given reasonable advice, we instructed the district court to then determine "whether Davidson would have pleaded guilty but for the ineffective assistance." Id.

4

On remand, the district court held an evidentiary hearing and found that Davidson presented "strong evidence" that he initially had wanted to file a motion to suppress. The district court also found that Davidson agreed to forego the motion and pleaded guilty after Horne counseled him that a motion to suppress probably would be unsuccessful.

Davidson contends that the district court erroneously found Horne's performance was not constitutionally deficient. He points to a fax cover letter, sent on September 27, 2002, in which the government asked Horne to confirm that he had received two earlier letters regarding problems with the search warrant affidavit. At the time Horne received the fax, he had received only one letter from the government. Davidson argues that Horne's failure to immediately investigate the contents of the second letter mentioned in the fax cover sheet, together with his failure to tell Davidson that a second letter existed and his failure to contact Yahoo about the email options available to the Candyman Egroup, rendered Horne's assistance constitutionally deficient. Davidson contends that he would not have pleaded guilty but for Horne's ineffective assistance.

We agree with the district court that Davidson has failed to establish his entitlement to relief. The evidence shows that Horne, an experienced defense attorney, considered the relevant case law, evaluated the search warrant affidavit,

5

and communicated to Davidson his considered opinion that even if the FBI agent had knowingly included false statements in the affidavit a suppression motion probably would prove fruitless under Franks v. Delaware, 438 U.S. 154, 98 S. Ct. 2674 (1978). Nothing in the contents of the second letter mentioned in the September 27, 2002 fax cover letter would affect that considered opinion, which already presumed that the statements of the FBI agent that were in question would be redacted from affidavit. Horne had already taken as a given that those statements were false and that the agent either knew that they were false or recklessly disregarded the possibility. The conclusion that Horne's advice rested upon—that the warrant would be upheld even after the statements in question were fully redacted—was not affected by the contents of the second letter. Nor could Davidson's decision to plead guilty have been, because he did so after considering Horne's opinion that the statements in question were made with knowledge of their falsity or with reckless disregard of it and for that reason would be redacted from the affidavit.

Horne's failure to file a motion to suppress was not professionally unreasonable. Even after all the false statements were redacted from it, the affidavit still contained sufficient information to establish probable cause to search Davidson's computer. Davidson had subscribed to and un-subscribed from the

6

Candyman Egroup—a group created for the sole purpose of exchanging child pornography—six times in less than two weeks. In light of the information particular to Davidson in the affidavit, Davidson's reliance on United States v. Strauser, 247 F. Supp. 2d 1135 (E.D. Mo. 2003), is misplaced. In that case the defendant joined the Candyman Egroup only once. Id. at 1144. The court there found that the defendant could have had benign motives for subscribing to the group and may never have participated in the group's activities after joining. Id. By contrast Davidson had joined the group six times. One time may be accidental, unintentional, or unknowing; six times are not. Given the statements that remained in the affidavit after redaction that explain the nature of the website and the habits of individuals who collect child pornography, any motion to suppress would have failed. Other courts have reached the same conclusion about the same template affidavit involved in this case that Horne reached when he decided not to file a motion to suppress. See, e.g., United States v. Sheilds, 458 F.3d 269, 278–81 (3d Cir. 2006); United States v. Froman, 355 F.3d 882 (5th Cir. 2004); United States v. Bailey, 272 F. Supp. 2d 822, 824–25 (D. Neb. 2003).

It is not as though Davidson got nothing in return for his guilty plea. He was spared prosecution on four of the five counts against him. Davidson knew the

7

affidavit had problems when he agreed to plead guilty, but after listening to his attorney's reasonable advice on the likely outcome of a motion to suppress, he decided to plead guilty anyway.

We cannot say that Horne was "constitutionally compelled" to file a motion to suppress before advising Davidson about pleading guilty. See Chandler, 218 F.3d at 1313. Additional evidence brought forth after Davidson's plea, such as the CD issued by the government five months after his guilty plea, cannot render the Horne's earlier performance unreasonable. To conclude otherwise would require us to use the type of hindsight forbidden by Strickland. 466 U.S. at 689, 104 S. Ct. 2065.

**AFFIRMED.**