[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 15, 2009
THOMAS K. KAHN
CLERK

No. 08-14531

D. C. Docket No. 07-00208-CR-CAP-7-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARWORH WILLIAMS,
ANTHONY M. WILLIAMS,

Defendants-Appellants.

Appeals from the United States District Court
for the Northern District of Georgia

(December 15, 2009)

Before DUBINA, Chief Judge, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

In this multi-defendant criminal appeal, Garworh Williams ("G. Williams") and Anthony Williams ("A. Williams") appeal their convictions and sentences. G. Williams was convicted of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, and the district court imposed a below-guideline sentence of 44 months' imprisonment. A. Williams was convicted of conspiracy to commit bank fraud and 19 counts of bank fraud, in violation of 18 U.S.C. §§ 1344, 1349. The district court sentenced A. Williams to 37 months' imprisonment, which is at the bottom of the guideline range.

The issues presented on appeal are:

(1) Whether the district court erred in denying G. Williams's motion for judgment of acquittal;

(2) Whether the district court erred in denying G. Williams's motion for a new trial based on alleged *Brady/Giglio*[1] violations;

(3) Whether the district court abused its discretion in denying the defendants' request for a continuance; and

(4) Whether the defendants' sentences were substantively reasonable.[2]

---

[1] *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963); *Giglio v. United States*, 405 U.S. 150, 92 S. Ct. 763 (1972).

[2] G. Williams appeals issues 1, 2 and 3. A. Williams appeals issues 3 and 4. However, G. Williams also states in his brief, "Pursuant to F.R.A.P. 28(i), Appellant Garworh Williams adopts by reference all portions of the brief of Appellant Anthony Williams that is not inconsistent with the

2

The court reviews *de novo* the sufficiency of the evidence claims, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences in favor of the guilty verdict. *United States v. Anderson*, 289 F.3d 1321, 1325 (11th Cir. 2002). The court will affirm the jury's verdict unless under no reasonable construction of the evidence could the jury have found the defendant guilty beyond a reasonable doubt. *United States v. Camargo-Vergara*, 57 F.3d 993, 997 (11th Cir. 1995).

The court reviews a district court's denial of a motion for a new trial based on a *Brady* violation for abuse of discretion. *United States v. Kersey*, 130 F.3d 1463, 1465 (11th Cir. 1997). If a defendant does not articulate a *Brady* violation in his motion for a new trial, the court need only conduct a plain error review. *Id.*

The court reviews a district court's denial of a motion for continuance only for an abuse of discretion. *United States v. Valladares*, 544 F.3d 1257, 1261 (11th Cir. 2008).

The court reviews a sentence for reasonableness under a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). In reviewing the ultimate sentence imposed by the district court for reasonableness, the court considers the final sentence in its entirety in light of the

---

facts and arguments in Appellant Garworh Williams's brief." (G. Williams's Blue Brief at vii).

3

factors set forth in 18 U.S.C.A. § 3553(a). *United States v. Thomas*, 446 F.3d 1348, 1351 (11th Cir. 2006).

We first conclude from the record that the district court did not err in denying G. Williams's motion for judgment of acquittal because the government proved that G. Williams conspired to commit bank fraud by putting on evidence in the form of Hoff's testimony implicating G. Williams and connecting him to other conspirators, and the fact that G. Williams's conduct matched the actions of all the other conspirators in the scheme. Also, the jury was free to analyze G. Williams's credibility when he testified in his own defense and to disbelieve his testimony in whole or in part. *See United States v. Brown*, 53 F.3d 312, 314 (11th Cir. 1995).

Second, we conclude that the district court correctly denied G. Williams's motion for a new trial based on alleged *Brady/Giglio* violations. The undisclosed statements were not sufficiently exculpatory of G. Williams to be material under *Brady*, and their limited impeachment value would have been merely cumulative, as Hoff had already been impeached through cross-examination and by Norman and Frasier's plea colloquies. The statements also were not exculpatory simply because they omitted reference to G. Williams's criminal conduct. Finally, we agree with the district court that there was no reasonable probability that the

outcome of the proceedings would have been different had the statements been disclosed.

Third, we conclude that the district court did not abuse its discretion in denying the defendants' requests for a continuance. The defendants moved for a continuance to obtain the live testimony of Norman and Frasier; however, their plea colloquies were read into evidence at trial, so the jury had the opportunity to review their versions of the events at issue.

Finally, we affirm A. Williams's 37-month within-guideline sentence because his argument that it is substantively unreasonable is meritless. We need not review G. Williams's sentence because his attempt to adopt by reference A. Williams's sentencing reasonableness argument fails for lack of specificity. Even if, however, we reviewed G. Williams's sentence on the merits, we would conclude that it too was substantively reasonable.

For the above-stated reasons, we affirm defendants' convictions and sentences.

**AFFIRMED.**