[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 28, 2011
JOHN LEY
CLERK

No. 10-12069
Non-Argument Calendar

_____

D.C. Docket No. 1:07-cr-20534-UU-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VIVENS DELORME,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 28, 2011)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Vivens Delorme appeals his convictions for conspiring to use ("Count 1") and using ("Count 2") a facility of interstate commerce, with the intent to commit a murder-for-hire, in violation of 18 U.S.C. § 1958. Specifically, Delorme argues that the district court displayed an antagonistic attitude toward defense counsel at trial, which prejudiced the jury, resulted in an unfair trial, and denied him the effective assistance of counsel. He also argues that the district court abused its discretion and violated his right to testify in his own defense by instructing him to answer a number of the government's questions on cross-examination with "yes," "no," or "I don't know" responses.

I.

To determine if a district court judge gave the appearance of partiality or bias at trial, we review the judge's conduct during trial for abuse of discretion. *United States v. Verbitskaya*, 406 F.3d 1324, 1337 (11th Cir. 2005) (citation omitted). However, if not raised and preserved before the district court, we review a claim of perceived bias or partiality for plain error. *See United States v. Rodriguez*, 627 F.3d 1372, 1377-80 (11th Cir. 2010). To demonstrate plain error, one must show that "(1) an error occurred; (2) the error was plain; (3) it affected [his] substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." *Id.* at 1380 (citation and quotation omitted). Our review for

perceived partiality is based on the conduct of the trial as a whole. *United States v. Candelaria-Gonzalez*, 547 F.2d 291, 297 (5th Cir. 1977).[1] The district court's behavior towards government counsel is properly considered when reviewing a defendant's claim concerning the appearance of partiality. *United States v. Hawkins*, 661 F.2d 436, 450-51 (5th Cir. Unit B 1981).[2]

"A trial judge must exhibit neutrality in his language and in the conduct of a trial before a jury . . . [and] should avoid any possibility of prejudicing the jury through his criticism of or hostility toward defense counsel." *Candelaria-Gonzalez*, 547 F.2d at 297 (citation omitted). "The judge is a figure of overpowering influence, whose every change in facial expression is noted, and whose every word is received attentively[.]" *Id.* (alteration, citation, and quotation omitted). "[R]epeated indications of impatience and displeasure of such nature to indicate that the judge thinks little of counsel's intelligence and what he is doing are most damaging to a fair presentation of the defense." *Id.* (citation and quotation omitted). Because of this, the judge must "make every effort to preserve the appearance of strict impartiality." *Id.* However, "[a]n occasional

---

[1] The decisions of the Fifth Circuit handed down prior to the close of business on September 30, 1981, operate as binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981).

[2] All Fifth Circuit Unit B decisions rendered after October 1, 1981, operate as binding precedent in the Eleventh Circuit. *United States v. Maxwell*, 579 F.3d 1282, 1305 n.6 (11th Cir. 2009).

lapse of patience will not suffice to overturn a conviction returned after a full and fair presentation of the evidence." *United States v. Smalley*, 754 F.2d 944, 950 (11th Cir. 1985) (citation and quotation omitted).

"While a trial judge . . . has a duty to conduct the trial carefully, patiently, and impartially, the judge has wide discretion in managing the proceedings." *Hawkins*, 661 F.2d at 450 (citation and quotation omitted). A trial judge is not required to remain silent throughout a jury trial, and, indeed, "he has a duty to participate directly in the trial, . . . facilitate its orderly progress[,] . . . shorten unimportant preliminaries, and to discourage dilatory tactics of counsel." *Candelaria- Gonzalez*, 547 F.2d at 297 (citation and quotation omitted). A judge has wide discretion in managing proceedings and he may "comment on the evidence, question witnesses, elicit facts not yet adduced or clarify those previously presented, and maintain the pace of a trial by interrupting or cutting off counsel as a matter of discretion." *United States v. Day*, 405 F.3d 1293, 1297 (11th Cir. 2005) (citation and quotation omitted). But, the court must clearly direct the jury that they are the sole judges of the facts and are not bound by the judge's questions or comments. *Bursten v. United States*, 395 F.2d 976, 982-83 (5th Cir. 1968). "A prejudicial remark may be rendered harmless by curative instructions to the jury." *United States v. Simon*, 964 F.2d 1082, 1087 (11th Cir.

4

1992).  However, "some comments may be so highly prejudicial that even a strong admonition by the judge to the jury that they are not bound by the judge's views, will not cure the error."  *Bursten*, 395 F.2d at 983 (citation omitted).

To constitute reversible error, "a judge's remarks must demonstrate such pervasive bias and unfairness that they prejudice one of the parties" and the judge's conduct must appear to have deprived the defendant of his right to an impartial trial, effective assistance of counsel, or adversely influenced and prejudiced the jury.  *Verbitskaya*, 406 F.3d at 1337 (citation and quotation omitted); *Bursten*, 395 F.2d at 983 (citation omitted).  "If a trial court continually intervenes so as to unnerve defense counsel and throw him off balance, in a supposedly fair trial, and causes him not to devote his best talents to the defense of his client, then this is ground for reversal."  *Bursten*, 395 F.2d at 983.  When the jury's determinations of witness credibility are central to finding a defendant guilty, the appearance of judicial bias takes on added importance.  *Candelaria-Gonzalez*, 547 F.2d at 297.

As an initial matter, it is unnecessary for us to decide whether Delorme preserved his appearance of partiality claim for appeal, because Delorme's claim fails under either abuse of discretion or plain error review.  The district court did not give the appearance of partiality in its comments at trial.  The district court

5

similarly chided government counsel, which is properly considered when examining the whole record for an appearance of partiality. *See Candelaria-Gonzalez*, 547 F.2d at 297; *see Hawkins*, 661 F.2d at 450-51. Furthermore, the court assisted defense counsel by offering permissible ways to formulate otherwise objectionable questions and afforded considerable latitude in the questions allowed.

The district court did not overstep its neutral role by reprimanding defense counsel for commenting on how he would get evidence admitted, stating the questions he would ask later witnesses, or asking a witness why the government did not introduce certain evidence. *See Candelaria-Gonzalez*, 547 F.2d at 297; *see Verbitskaya*, 406 F.3d at 1337. On appeal, Delorme has explicitly declined to dispute the impropriety of these comments or the resolution of the objections made at trial, and the court had the legitimate authority to manage the trial proceedings by preventing and ameliorating such commentary. *See Hawkins*, 661 F.2d at 450. The district court did not demonstrate a pervasive bias by chastising defense counsel for making these improper comments. *See Verbitskaya*, 406 F.3d at 1337. The number of times the court interrupted defense counsel, sustained objections, or chided defense counsel was a product of the number of times defense counsel violated relevant rules, not as a result of any pervasive bias.

Finally, the district court's comments did not rise to the level required to justify reversal. *See Smalley*, 754 F.2d at 950. An occasional lapse of patience is insufficient to overturn Delorme's convictions. *Id.* The district court instructed the jury to ignore any of its comments not related to instructions on the applicable law, and while certain egregious instances of partiality cannot be cured by such an instruction, those circumstances did not present themselves in the instant case, and any error concerning the appearance of partiality was adequately remedied by this instruction. *See Simon*, 964 F.2d at 1087; *see Bursten*, 395 F.2d at 982. Accordingly, we affirm.

## II.

A criminal defendant has the right to testify in his own defense. *United States v. Byrd*, 403 F.3d 1278, 1282 (11th Cir. 2005). However, "this right is not without limitation [and] it must sometimes bow to accommodate other legitimate interests in the criminal trial process." *Id.* (citation and quotation omitted). A district court is empowered to "exercise reasonable control over the mode and order of interrogating witnesses . . . so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, [and] (2) avoid needless consumption of time." Fed. R. Evid. 611(a); *United States v. Holman*, 680 F.2d 1340, 1353 (11th Cir. 1982).

7

We review the district court's management of trial proceedings for abuse of discretion. *Hawkins*, 661 F.2d at 450. A judge may "maintain the pace of a trial by interrupting or cutting off counsel as a matter of discretion." *Day*, 405 F.3d at 1297 (citation and quotation omitted).

The district court did not abuse its discretion or infringe upon Delorme's right to testify in his own defense by instructing him to answer a number of questions on cross-examination with "yes," "no," or "I don't know" responses. Delorme responded to a number of the government's questions with non-responsive answers, answers that exceeded the scope of the question asked, or argumentative answers, such as answers in the form of a question. The district court properly acted within its authority to manage the trial proceedings and "maintain the pace" of the trial, by requiring Delorme to answer a number of the government's questions with a "yes," "no," or "I don't know" response. *Candelaria-Gonzalez*, 547 F.2d at 297; *Hawkins*, 661 F.2d at 450. All the questions Delorme discusses on appeal were answerable with such a response. Delorme was not permitted to argue from the witness stand simply because he was the defendant. To the extent that Delorme did not have the opportunity to explain his answers, those details could have been brought out on re-direct examination.

The district court properly exercised its duty to manage the trial proceedings, by ensuring that Delorme responded to the questions being asked by the government, and did so in a timely fashion that did not disrupt the timing of the trial or further delay the proceedings. *Candelaria-Gonzalez*, 547 F.2d at 297; *Hawkins*, 661 F.2d at 450. Accordingly, we affirm.

**AFFIRMED.**[3]

---

[3] Delorme's request for oral argument is denied.