[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10370
Non-Argument Calendar
_____

D.C. Docket No. 1:07-cr-20534-UU-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VIVENS DELORME,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 19, 2012)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Vivens Delorme, proceeding pro se, appeals the district court's denial of his motion for a new trial or evidentiary hearing, following his convictions for using and conspiring to use a facility of interstate commerce to commit the murder-for-hire of Mahmoud Elchami.  The government presented numerous witnesses—including several co-conspirators—and corroborating exhibits to support the theory that Delorme solicited the murder as revenge for Elchami's work as a confidential informant.  Delorme presented his own theory that the leader of the drug organization in which he was a member had orchestrated the murder and then framed Delorme.  The jury convicted Delorme as charged, and the district court sentenced him to life imprisonment.  Delorme appealed, and we affirmed his convictions in 2011.  United States v. Delorme, 432 F. App'x 886 (11th Cir.) (per curiam) (unpublished), cert. denied, 132 S. Ct. 535 (2011).

Following his unsuccessful appeal, Delorme moved for a new trial or evidentiary hearing based on the government's supposed failure to disclose the fact that the investigation into Elchami's death remained open.  Delorme argued that this was grounds for a new trial under Federal Rule of Criminal Procedure 33 and was a violation of Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963). The district court denied Delorme's motion, concluding that this information, even if previously undisclosed, was not sufficient to undermine the original conviction.

2

On appeal, Delorme argues that the district court erred in finding that the government did not commit a Brady violation. Specifically, Delorme asserts that the government gave the jury the impression at trial that everyone responsible for Elchami's death had been accounted for, but this was disproved by the evidence that the government continued to investigate other suspects. For the first time on appeal, he also points to evidence that he believes casts doubt on the government's position that he supplied the murder weapon.

In support of his appeal, Delorme submits letters from the Miami-Dade Police Department refusing to divulge information about the death of Elchami, on the basis that the case "remains open and actively investigated by the United States Attorney's Office into additional individuals responsible for Mr. Elchami's death."

We review de novo a district court's determination about whether a Brady violation occurred. United States v. Schlei, 122 F.3d 944, 989 (11th Cir. 1997).

The Supreme Court announced in Brady that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady, 373 U.S. at 87, 83 S. Ct. at 1196-97. In deciding if a new trial is warranted on account of a Brady violation, a

3

defendant must show that: (1) the government possessed evidence favorable to him; (2) he did not possess the evidence and could not have discovered it with reasonable diligence; (3) the prosecution suppressed this evidence; and (4) had the evidence been revealed to the defense, there is a reasonable probability that the outcome of the proceedings would have been different.  United States v. Newton, 44 F.3d 913, 918 (11th Cir. 1995).  With respect to the materiality requirement, the inquiry is whether the disclosed evidence undermines confidence in the outcome of the trial.  Id.   The exculpatory value of the evidence must be supported by more than the defendant's "bare assertion" that it supports a particular theory.  See United States v. Kersey, 130 F.3d 1463, 1466 (11th Cir. 1997).

Here, Delorme has not shown that he is entitled to a new trial or evidentiary hearing.  The letters that Delorme has presented state only that the case is still open due to the investigation of additional individuals responsible for Elchami's death.  Delorme was convicted of conspiracy and murder-for-hire, both of which require the involvement of at least two individuals.  Additionally, the government's theory at trial was that Elchami was murdered because he was providing information to the government about Delorme's and others' drug deals.  Thus, the letters' mere suggestion that other individuals might have been involved in this conspiracy does not contradict the overwhelming evidence presented at trial

4

showing that Delorme was the person who actually solicited and paid for Elchami's murder.

Since it was not raised below, we review only for plain error Delorme's argument that the government failed to turn over evidence that purportedly impeached Terlonge's testimony. See United States v. Fontenot, 611 F.3d 734, 737 (11th Cir. 2010). The government had argued at trial that Delorme had supplied the weapon to the man who actually killed Alchemi. Delorme contends that the government should have turned over evidence showing that the weapon used to kill Alchemi had also been used in other unsolved crimes. Delorme seems to believe that these facts would somehow serve to exculpate him. We find no error here because the jury was actually made aware of this evidence—whatever its exculpatory value may have been—during the trial, when a government firearms expert testified that the weapon had been used in two previous crimes. See dkt. 385 at 396-400. Thus, Delorme has failed to put forward any evidence that was actually "suppressed."

Because Delorme has not shown that his conviction is unworthy of confidence, the district court correctly found that there was no Brady violation. See Newton, 44 F.3d at 918.

5

**AFFIRMED.**[1]

---

[1]     Delorme's request for oral argument is DENIED.